IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. LANGSTON,<br><br>    Petitioner,<br>v.<br><br>JIM HAMLET, Warden,<br><br>    Respondent. | No. C 04-1100 SBA (pr)<br><br>**ORDER GRANTING MOTION TO DISMISS AND ADDRESSING PENDING MOTIONS**<br><br>(Docket Nos. 4, 8, 9) |

## INTRODUCTION

Petitioner is a State prisoner incarcerated at the Correctional Training Facility in Soledad, California, who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the decision by the California Board of Prison Terms (hereinafter "BPT") to deny him parole. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the petition, Petitioner has filed an opposition, and Respondent has filed a reply.

## BACKGROUND

Petitioner was convicted in the San Diego County Superior Court for first degree murder and assault with intent to commit murder. He was sentenced to twenty-five years to life in prison, plus two years for the gun enhancement. In 2002, the BPT denied Petitioner parole. Petitioner is challenging the decision of the BPT in denying him parole. He challenged this decision in habeas petitions in the San Diego County Superior Court, the California Court or Appeal and the Supreme Court of California, raising the same claims raised herein. All three habeas petitions were denied.

As grounds for federal habeas relief, Petitioner asserts that he was denied his right to due process and equal protection of the law under the law when the BPT abused its discretion and denied Petitioner parole: (a) based on the offense when the facts and circumstances for uniform punishment are pre-established by statutory regulation and (b) based on Petitioner's prior history of substance abuse.

Respondent argues that the petition should be dismissed for want of subject matter jurisdiction because Petitioner has no federally protected liberty interest in parole, therefore, he is not entitled to any protections under the United States Constitution. (Mot. to Dismiss at 4.) Respondent also argues that the petition should be dismissed for failure to exhaust because Petitioner did not fairly present his federal claim to the Supreme Court of California. (Id. at 6.) For the reasons explained below, Respondent's motion to dismiss is granted.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Baldwin v. Reese, 124 S. Ct. 1347, 1349 (2004). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Id.

Here, Petitioner has not met the "fair presentation standard" because his petition for review did not properly alert the Supreme Court of California to the federal nature of his claim. See id. at 1350; Duncan v. Henry, 513 U.S. 364, 365-66 (1995). It matters not that Petitioner used the terms "liberty interest" or "due process" in his state court petitions because "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin, 124 S. Ct. at 1351.

Accordingly, the petition is DISMISSED for failure to exhaust Petitioner's available state judicial remedies. Because the Court has already determined that the petition is unexhausted, the Court need not address Respondent's motion to dismiss on the ground that Petitioner does not have a federally protected liberty interest in parole.

//
//
//
//

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1. Respondent's motion to dismiss the petition as unexhausted (docket no. 8) is GRANTED. The petition is DISMISSED without prejudice to refiling after Petitioner exhausts his state judicial remedies.

2. The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions (docket nos. 4, 9) as moot, and close the file.

3. This Order terminates Docket Nos. 4, 8, and 9.

IT IS SO ORDERED.

DATED: March 2, 2006

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge